UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEITH M. WHITAKER, SR.,      Case No. 1:18-CV-625
    Plaintiff,

                                                           Black, J.
vs.                                                      Bowman, M.J.

MARTY V. DONINI, et al.,        **ORDER AND REPORT AND**
    Defendants.                    **RECOMMENDATION**

Plaintiff, a pretrial detainee at the Scioto County Corrections Center (SCCC), in Portsmouth, Ohio, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 against defendants Scioto County Sheriff Marty V. Donini, and three Scioto County Commissioners, Cathy Coleman, Mike Crabtree, and Bryan Davis.  (Doc.1-1, at PageID 9, 12).  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis.*

This matter is before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

I.     **Screening of Complaint**

    A.     **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.     Plaintiff's Complaint**

Plaintiff alleges that since his extradition to SCCC on or about April 19, 2018, he has been denied prescribed pain medication for injuries he received when nearly half of his body was crushed. He alleges that the pain medication is being denied pursuant to a SCCC policy that prohibits the administration of controlled substances to inmates at SCCC. Plaintiff alleges that the denial of his prescribed pain medication has resulted in "endless, unbearable pain" and constitutes cruel and unusual punishment. (Doc. 1, at PageID 15, 17).

Plaintiff also alleges that inmate Thomas Walters has been denied prescribed medications pursuant to the same policy.

Additionally, plaintiff alleges that SCCC officials are taking money from his prison account to pay a medical bill that he incurred prior to 2006. According to plaintiff, an SCCC policy requires "anyone with an outstanding medical bill" to pay "100% of all their funds . . . at the time of booking, and 50% of all funds deposited on the commissary account" toward

satisfying the outstanding bill. (Doc. 1-1, at PageID 17). Plaintiff claims that the assessment of his prison account to pay this medical bill violates his right to due process and "is preventing him from getting needed commissary." (Doc. 1-1, at PageID 17).

For relief, plaintiff seeks monetary and injunctive relief. (Doc. 1-1, at PageID 14).

**C.     Analysis**

Through the Due Process Clause of the Fourteenth Amendment, pretrial detainees are entitled to the same Eighth Amendment rights as are other inmates. *Thompson v. Cty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994). "Thus, Supreme Court precedents governing prisoners' Eighth Amendment rights also govern the Fourteenth Amendment rights of pretrial detainees." *Ruiz-Bueno v. Scott*, 639 F. App'x 354, 358 (6th Cir. 2016).

At this stage of the proceedings, without the benefit of briefing by the parties, plaintiff's claim against the defendants for alleged deprivations of adequate medical care pursuant to SCCC policy is deserving of further development and may proceed at this juncture. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). However, the remaining claims should be dismissed for failure to state a claim upon which relief may be granted.

First, although plaintiff may proceed at this juncture with his claim against defendants based on the allegedly unconstitutional policy concerning the administration of controlled substances to inmates at SCCC, such a claim is an official capacity claim and is treated as a claim against Scioto County, Ohio. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Kentucky v. Graham*, 473 U.S. 159 (1985); *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978); *see also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff has failed to state a claim against defendants in their individual capacities, however, because plaintiff has failed to allege facts showing that defendants were personally present or

had any involvement in the allegedly unconstitutional conduct. "Liability cannot be established absent a clear showing that the defendants were personally involved in the activity forming the basis of the alleged unconstitutional behavior." *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381, at *1 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).

Next, it appears that plaintiff seeks to bring claims on behalf of inmate Thomas Walters. (*See* Doc. 1-1, at PageID 16). A party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). Plaintiff has not established that he is a licensed attorney. As such, plaintiff may not bring claims on behalf of another inmate, nor can he represent another inmate in court.

Nor has plaintiff stated a due process claim with regard to the SCCC policy under which he claims that his prison account is being assessed to pay for his medical bill. Although inmates have a protected property interest in their money, *Hampton v. Hobbs*, 106 F.3d 1281, 1287 (6th Cir. 1997), where an inmate's account is being assessed to pay for medical services that he or she has received, courts have declined to find a deprivation of property for due process purposes. *See Bailey v. Carter*, No. 99-4282, 2001 WL 845446, at * 3 (6th Cir. July 20, 2001) (finding that Ohio's co-payment requirement did not violate the Due Process Clause). *See also Browder v. Ankrom*, No. 4:05CV-P9-M, 2005 WL 1026045, at *5 (W.D. Ky. Apr. 25, 2005) (finding that "debiting an inmate's account for costs associated with his incarceration does not deprive him of a protected property interest without due process of law" because "such debits are not 'deprivations' in the traditional sense because an inmate has been provided with a service or good in exchange for the money debited."); *Stanley v. Ohio Dep't of Rehab & Corr.*, No. C2-02-178, 2002 WL 31409435, at *2 (S.D. Ohio 2002) (finding no "taking" where inmate's account

was assessed co-payment fee for medical services); *Jensen v. Klecker*, 648 F.2d 1179, 1183 (8th Cir. 1981) (finding no deprivation of property where inmates used personal accounts to purchase postage). Plaintiff does not dispute that he received the medical services for which he is being charged. In any event, even assuming, *arguendo*, that plaintiff could state a due process claim, the claim would still be subject to dismissal because plaintiff has failed to allege that he is without an adequate state remedy to address the claim. *See Bailey*, 2001 WL 845446, at * 3 (citing *Vicory* v. *Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983)) (holding that "in section 1983 damage suits for deprivation of property without procedural due process the plaintiff has the burden of pleading and proving the inadequacy of state processes, including state damage remedies to redress the claimed wrong.").

To the extent that plaintiff alleges that he lacks sufficient funds to buy necessary commissary items, plaintiff's allegation is merely conclusory. *See Twombly*, 550 U.S. at 557. Plaintiff has not alleged what items he has been unable to purchase or that he was deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). He, therefore, has failed to state a claim under the Eighth Amendment based on the alleged withdrawal of funds from his account to pay his medical bill.

Accordingly, in sum, plaintiff may proceed at this juncture with his claim against the defendants in their official capacities for the alleged deprivation of adequate medical care pursuant to a policy prohibiting the administration of controlled substances to inmates at SCCC. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). However, the remaining claims should be dismissed for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

The complaint (Doc. 1-1) be **DISMISSED with prejudice** pursuant to 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's claim against the defendants in their official capacities for the alleged deprivation of adequate medical care pursuant to a policy prohibiting the administration of controlled substances to inmates at SCCC. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Donini, Coleman, Crabtree, and Davis.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEITH M. WHITAKER, SR.,            Case No. 1:18-CV-625
    Plaintiff,

                                              Black, J.
vs.                                           Bowman, M.J.

MARTY V. DONINI, et al.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

8