## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| KEITH M. WHITAKER, SR., | : | Case No. 1:18-cv-625 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | Magistrate Judge Stephanie K. |
| | : | Bowman |
| MARTY V. DONINI, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## DECISION AND ENTRY
## ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 4)

This case is before the Court pursuant to the Order of General Reference to

United State Magistrate Judge Stephanie K. Bowman. In this case, Plaintiff, a pretrial

detainee at the Scioto County Corrections Center (the "SCCC"), in Scioto County, Ohio,

filed a *pro se* civil rights complaint (the "Complaint"), under 42 U.S.C. § 1983, against

the Scioto County Sheriff Marty Donini, and three Scioto County Commissioners, Cathy

Coleman, Mike Crabtree, and Bryan Davis (the "Defendants").

### A. Procedural History

On October 24, 2018, the Magistrate Judge issued a Report and Recommendation

(Doc. 4), recommending that the Court dismiss Plaintiff's Complaint (Doc. 3) with

prejudice, with the exception of Plaintiff's claim against Defendants (in their official

capacities) for the alleged deprivation of medical care, pursuant to an SCCC policy.

On November 21, 2018, the Court issued a Decision and Entry adopting the

Report and Recommendation. (Doc. 9). In the Decision and Entry, the Court noted that

Plaintiff had failed to object to the Report and Recommendation. (*Id.* at 1 (stating that "[n]o objections were filed")).

On April 1, 2019, Plaintiff filed a Motion for Leave to File Objections to the Report and Recommendation. (Doc. 28). In the Motion, Plaintiff explained that he had not received a copy of the Report and Recommendation, because the Report and Recommendation was "sent to the wrong address." (*Id.* at 2).

On April 5, 2019, the Court issued a Notation Order granting Plaintiff leave to file his objections to the Reporting and Recommendation, which provided:

> Because Plaintiff did not have a meaningful opportunity to file his objections, the Court hereby GRANTS [Plaintiff's Motion for Leave to File Objections to the Report and Recommendation]. (Doc. 28). Accordingly, the Court's Decision and Entry Adopting the Report and Recommendations (Doc. 9) is VACATED. . . . IT IS SO ORDERED.

(Notation Order dated Apr. 5, 2019).[1] Plaintiff's objections are now before the Court.

**B. Plaintiff's Objections**

Plaintiff raises two main objections to the Report and Recommendation. (*See* Doc. 28-1). After reviewing Plaintiff's objections, the Report and Recommendation, and the case record, the Court concludes that neither of the objections is well taken.

First, Plaintiff objects that he should be able to sue the Defendants in their individual capacities, because Plaintiff intended to sue the Defendants in their individual

---

[1] The Notation Order required Plaintiff to "file his objections to the Report and Recommendations (Doc. 4) on or before 4/29/2019." (Notation Order dated Apr. 5, 2019). Plaintiff did not comply with this requirement. Nonetheless, the Court will consider the objections attached to Plaintiff's Motion for Leave to File Objections to the Report and Recommendation. (*See* Docs. 28, 28-1).

capacities, and because the Defendants "should" have known about (and stopped) Plaintiff's health-related grievances. (Doc. 28-1 at 2). This objection is not well taken.

The Complaint alleges that (1) the SCCC bans certain "controlled substances" from its premises as a matter of policy; and (2) various SCCC employees (none of whom included the Defendants) informed Plaintiff of this fact. (*See* Doc. 3 at 7–9). These allegations do not demonstrate that the Defendants were personally involved in the alleged misconduct. Plaintiff's argument that the Defendants "should" have known about his health-related grievances does not change this fact. *See, e.g.*, *Hawks v. Jones*, 105 F. Supp. 2d 718, 722 n.6 (E.D. Mich. 2000) (finding general allegations that defendants "knew of and participated in" misconduct inadequate for an individual capacity case).

Under such circumstances, the Court agrees with the Magistrate Judge that Plaintiff's claim is really against Scioto County, Ohio—and its allegedly unconstitutional policy—not the Defendants in their individual capacities. (Doc. 4 at 4–5); *Kentucky v. Graham*, 473 U.S. 159 (1985); *Mullins v. Hainesworth*, 66 F.3d 326 (6th Cir. 1995); *see also Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989) (stating that the face of the "complaint must indicate whether a plaintiff seeks to recover damages from defendants directly, or to hold the state responsible for the conduct of its employees"). Thus, Plaintiff can only sue the Defendants in their official capacities.[2]

Second, Plaintiff objects that the Defendants should not be able to take money out of his commissary account to cover his medical bills, because many of Plaintiff's medical

---

[2] Plaintiff's passing claim that the Defendants are "responsible" for his alleged injury does not change this Court's analysis. (Doc. 3 at 7). So conclusory an allegation fails to show how Defendants were personally involved in the alleged misconduct. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Mullins* 66 F.3d at 326.

3

bills date back to 2007 (or earlier), and because "all debt[]s are to be cleared and credit restored after (7) years." (Doc. 28-1 at 3). This objection is not well taken.

As an initial matter, a debt does not just "go away" after seven years. The Fair Credit Reporting Act stops CRAs from listing certain debts on a debtor's credit report for more than seven years. *See* 15 U.S.C. § 1681c(a). And Ohio's statute of limitations provides a debtor with an affirmative defense to certain collection actions after eight (to 15) years.[3] *See* Ohio Rev. Code § 2305.06. However, neither of these statutes eliminates the debt itself. *See* 15 U.S.C. § 1681c(a) (dealing with the reporting, not the discharge, of debts); *see also Lindsay v. Maxwell*, 4 Ohio N.P. 354 (Ohio Com. Pl. 1897) ("Statutes of limitations affect the remedy only. They do not extinguish the debt, nor affect its validity.") (citation omitted).[4]

Moreover, regardless of the status of Plaintiff's debt, Plaintiff has failed to allege that he is without an adequate state remedy to address his alleged deprivation of property without procedural due process. *See Vicory* v. *Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983) (holding that "in section 1983 damage suits for deprivation of property without procedural due process the plaintiff has the burden of pleading and proving the inadequacy of state processes, including state damage remedies to redress the claimed wrong"). The Court agrees with the Magistrate Judge that these shortcomings are fatal to

---

[3] *See Wilson v. A&K Rock Drilling, Inc.*, No. 2:16-CV-739, 2017 WL 2422800, at *3–4 (S.D. Ohio June 5, 2017) (discussing the limitations periods applicable, pre- and post-September 28, 2012).

[4] *See also Holt v. LVNV Funding, LLC*, 147 F. Supp. 3d 756, 760 (S.D. Ind. 2015) ("Plaintiff cannot be sued on the debt, and no credit reporting agency can list the debt as delinquent. Critically though, this does not mean that Plaintiff's debt magically disappeared . . . .").

Plaintiff's claim. As a result, Plaintiff cannot maintain a claim against the Defendants for his alleged due process violation.[5]

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court determines that the Report and Recommendation should be and is hereby adopted in its entirety.

Accordingly:

1. The Report and Recommendation (Doc. 4) is **ADOPTED**; and

2. The Complaint (Doc. 3) is **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of Plaintiff's claim against the Defendants in their official capacities for the alleged deprivation of adequate medical care pursuant to a policy prohibiting the administration of controlled substances to inmates at the SCCC.

**IT IS SO ORDERED.**

Date: _5/13/19_

Timothy S. Black
United States District Judge

---

[5] Plaintiff also argues that he has been denied "life[']s necessities," because he was not able to get a toothbrush/toothpaste for a period of time, and because the SCCC's showers did not have soap, from time to time. (Doc. 28-1 at 4). This argument is not well taken. Even if the alleged (and occasional) scarcity of SCCC inventory constituted a deprivation of "life's necessities," these allegations appear nowhere in the Complaint. (*See* Doc. 3). The "allegations of a complaint may not properly be amended in objections to a Report and Recommendation." *Mackey v. Luskin*, No. 2:06-CV-689, 2006 WL 2933833, at *1 (S.D. Ohio Oct. 12, 2006).