**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

KEITH M. WHITAKER, SR.,                          Case No. 1:18-cv-625

       Plaintiff,                                      Black, J.
                                                Bowman, M.J.
    v.

MARTY V. DONINI, et al.,

       Defendants.

**REPORT AND RECOMMENDATION**

This civil action is now before the Court on Plaintiff's motion for reconsideration, motion for a preliminary injunction and motion to file a second amended complaint. The motions will be addressed in turn.

     A.    *Motion for Preliminary injuction (Docs. 15, 29)*

Plaintiff seeks a prelinmary injunction to order Defefendants to allow Plaintiff access to Scioto County's law library and either Lexis or Westlaw access. (Doc. 15). Plaitniff also request a conference with the Court to address this motion. Plaintiff's requests are not well-taken.

"A preliminary injunction is an extraordinary remedy designed to preserve the relative positions of the parties until a trial on the merits can be held." *Tenn. Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir.2009) (emphasis added). An injunction decree should not be granted routinely. *Weinberger v. Romero–Barcelo*, 456 U.S. 305, (1982). "The decision to grant or deny a preliminary injunction is within the sound judicial discretion of the trial court." *Mt. Clemens v. U.S. Env't Prot. Agency*, 917 F.2d 908, 914 (6th Cir.1990) (quoting *Tyson Foods, Inc. v. McReynolds*, 865 F.2d 99, 101 (6th Cir.1989)).

In exercising its discretion with respect to a motion for a preliminary injuction, a district court must give consideration to four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir.1998). In the Sixth Circuit, these four factors are to be balanced and are not prerequisites that must be met. Thus, a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue. *Donaldson v. United States*, 86 F. App'x 902, 903 (6th Cir.2004).

HerePlaintiff has failed to establish the necessary elements for injunctive relief. The record fails to establish a likelihood of success on the merits. Plaintiff has made no attempt to support his claims with any factual evidence. Likewise, he has failed to establish that he will suffer irreparable harm absent injunctive relief. Again, he fails to support his conclusory allegations of irreparable harm with factual evidence. More importantly, Plaintiff does not have a constitutional right of access to a law library or legal assistance. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996).

Notably, a movant's burden is even more difficult to satisfy where, as here, a prison inmate seeks an injunction to obtain affirmative relief beyond maintenance of the status quo. See 18 U.S.C. § 3626(a)(2) ("In any civil action with respect to prison conditions ... [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."); *Texas v. Camenisch*, 451 U.S. 390, 395, 101

S.Ct. 1830, 68 L.Ed.2d 175 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."). Thus, purpose of a preliminary injunction is to prevent irreparable injury and to preserve the Court's ability to render a meaningful decision on the merits (see *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 348 (6th Cir.1998). Plaintiff has failed to allege any actual or imminent injury. To demonstrate irreparable harm, a plaintiff must show "actual and imminent" harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen*, Inc., 443 F.3d 540, 552 (6th Cir.2006).

As such, Plaintiff's motions for a preliminary junction and informal conference are not well-taken and should be denied. (Docs. 15, 29).

*B. Motion for Reconsideration (Doc. 22)*

Plaitniff asks the court to recondiser its previous order striking Plaintiff's amended complaint. Notably, Plaintiff filed an amended complaint without leave of court in violation of Rule 15 of the Federal Rules of Civil Procedure.

As a general rule, motions for reconsideration are not favored unless the movant demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Meekison v. Ohio Dept. of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)). Plaintiff has not alleged any facts or cited any legal authority which suggests that reconsideration of the Courts Order is warranted. Moreover, Plaintiff subsequelty filed a motion for leave to file an amended complaint, which will be addressed below. Accordingly, Plaintiff's motion for reconsideration (Doc. 22) should be DENIED.

*A. Motion for leave to file a Second Amended complaint (Doc. 27)*

Plaintiff seeks to file an amended complaint to correct the deficiiences in the original complaint nd to add additional claims against defendants. Plaintiff's motion is not well taken.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 reinforces "the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.' " *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)). The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *Gen'l Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising this discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).

"Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." Miller v. Calhoun Cnty., 408 F.3d 803, 817 (6th Cir. 2005). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim that is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570.

Here, in his original complaint, Plaintiff alleged that since his extradition to SCCC on or about April 19, 2018, he has been denied prescribed pain medication for injuries he received when nearly half of his body was crushed. He alleges that the pain medication is being denied pursuant to a SCCC policy that prohibits the administration of controlled substances to inmates at SCCC. Plaintiff further alleged that SCCC officials are taking money from his prison account to pay a medical bill that he incurred prior to 2006. Plaintiff further asserted that the assessment of his prison account to pay this medical bill violates his right to due process and "is preventing him from getting needed commissary." (Doc. 1-1, at PageID 17). Plaintiff sought monetary and injunctive relief.

Upon initial screening of the complaint, the Court found that Plaintiff's claim against the defendants for alleged deprivations of adequate medical care pursuant to SCCC policy is deserving of further development and may proceed at this juncture. See 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). However, the remaining claims were dismissed for failure to state a claim upon which relief may be granted. (Doc.30)

Plaintiff's proposed amended complaint asserts the same if not similar claims to those contained in his orginal complaint. Plaintiff alleges that he was denied medical treatment and and challeges the policy prohibiting controlled substances at the prison facility. Plaintiff also asserts claims related to his medical bills proior to 2006. Plaintiff also seeks access to the counties law library or acess to Westlaw and Lexis. With the exception of Plaintiff's claim against the defendants for alleged deprivations of adequate medical care pursuant to SCCC policy, Plaintiff's remaining proposed claims would be futile As previously found by the Court, Plaintiff's claims relating to his prior medical bills fail to state a claim upon which relief may be granted.

Plaintiff's claim relating to acess to the County's law library and Westlaw also fails as a matter of law. As noted above, Plaintiff does not have a constitutional right of access to a law library or legal assistance. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996). Prisoners have a constitutional right of access to the courts under the First Amendment. *Bounds v. Smith,* 430 U.S. 817, 821 (1977). However, the right of access to the courts has never been equated with unlimited access to legal materials and assistance, such as Westlaw or printed copies of cases. *See Walker v. Mintzes,* 771 F.2d 920, 932 (6th Cir.1985). The courts have recognized repeatedly that there is no constitutionally protected right of access to a law library*. Lewis v. Casey*, 518 U.S. 343, 350–51 (1996). To state a claim for interference with access to the courts, a plaintiff must show actual injury. *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999). Plaintiff has fail to do so here. Accordingly, Plaintiff's proposed amended complaint is not well taken in this regard and should be denied.[1]

**III. Conclusion and Recommendation**

For the reasons explained herein, **IT IS RECOMMENDED THAT:** 1) Plaintiff's motion for a preliminary injunction (Doc. 15) be **DENIED;** 2) Plaintiff's motion for reconsideration (Doc. 22) be **DENIED**, 3) Plaintiff's motion for leave to file a second amended complaint (Doc. 27) be **DENIED**; and Plaintiff's request for a conference for a preliminary injunction (Doc. 29) be **DENIED as MOOT**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[1] With respect to Plaintiff's proposedamendments relating to his surviving claim for denial of medical care, the undersigned finds that such facts should be be construed as a supplement to the original complaint. Although the supplemental facts are virtually identical to those found in the original complaint, they will nonetheless be considered by the Court.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| KEITH M. WHITAKER, SR., | Case No. 1:18-cv-625 |
| Plaintiff, | Black, J.<br>Bowman, M.J. |
| v. | |
| MARTY V. DONINI, et al., | |
| Defendants. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).